No. 82

KIEFER MACH. CO. v. AULT et

No. 19402. Supreme Court

On motion to certify. Dock. Nov. 3, 1925; 3 Abs. 690.

327. COURTS—Has a Court of Appeals in a proceeding in error the right to take a view of the premises involved in the transaction?

The Karl Kiefer Machine Co. commenced an action in the Hamilton Common Pleas against L. A. Ault and others, comprising the board of park commissioners of Cincinnati, asking for a mandatory injunction against them and for damages.

It was alleged by the Company that the city maintained a reservoir situated near the Company's place of business; and when the use of said reservoir was discontinued the property was attempted to be converted into a park for playground purposes. To this end the walls of the reservoir were cut down close to the ground and the stone was used to fill in as was also a large amount of earth.

It was alleged that the terrace walls upon which this stood was insecure and had moved several feet; that the filling in of the earth without proper drainage had caused water to collect and seep through in such a manner as to interfere with the lands, works, and buildings of the Company, situated on a lower level. The court, sitting in equity, awarded the Kiefer Company $1000 in damages.

The case was argued in the Court of Appeals and the judgment of the trial judge was reversed on the ground that his finding was against the great weight of the evidence. The Court announced that it had taken a view of the premises.

In the Supreme Court it is claimed that a view of the premises was entirely out of place so long after the trial and without opportunity of counsel for the Company to explain, in argument, any of the matters and things apparent to the eye at this date

It is contended:

1. That courts of error in Ohio have no right to take a view of the premises in passing on the weight of the evidence.

2. The Court of Appeals should have limited itself in passing on the weight of the evidence to the written record before it.

3. If that record could not be fully understood by the reviewing court, then it was the duty of that court to let the finding of the Common Pleas stand.

4. Since the Court of Appeals found in its entry of reversal that the written record could not be fully understood it should have gone on further, and should have affirmed the judgment of the court below.

Attorneys—Freiberg, Avery & Simmonds for Company; F. K. Bowman for Ault et; all of Cincinnati.

---

No. 83

CANTON (City) v. JONES

No. 19460. Supreme Court

On motion to certify. Dock. Dec. 7, 1925; 3 Abs. 762.

797. MUNICIPAL CORPORATIONS—Is a municipal corporation liable in damages to a property owner for failing to provide sewers or drainage for surface water, when the city has done nothing but establish a grade; and does a mandatory injunction lie, ordering the city to provide sewers and drainage for surface water?

An ordinance which provided for the establishment of a grade on the street upon which Louis Jones was a property owner was passed by the city council of Canton; and pursuant thereto, grade stakes were placed, but nothing further was done. The property owners at their own expense and upon their own initiative completed the grading, curbing and laying of side walks.

It appears that, prior to the filling in of vacant lots and the grading of the streets, the surface water had drained over property privately owned, but that, subsequent to the grading and curbing, the water drained to the low end of the street, and there accumulated because the city had not provided a sewer to carry away the surface water.

The testimony shows that the low level of an adjoining street made it impossible to lay a sewer to drain the water eastwardly and that a sewer could not be put in to drain the water at the west end of the street without appropriating private property, and that even if the necessary property were appropriated there would be no place to drain the water until a certain county ditch would be deepened.

Jones brought this action originally, and prayed for damages, on the ground that the city had been negligent in failing to provide for drainage of surface water, and further sought a mandatory injunction in an effect to compel the city to provide the necessary drainage.

The Stark Common Pleas rendered judgment for Jones for $125, and issued a mandatory injunction ordering the city to provide drainage for surface water, and this judgment was affirmed by the Court of Appeals.

The city, in the Supreme Court, contends that:

1. This is a matter of governmental policy over which the courts have no jurisdiction and that the remedy is with the legislative branch of the city government.

2. That the law on this question was established in the case of Springfield v. Spence, 39 OS. 665, which states that a city is not liable in damages to a property owner by reason of failure to provide drainage of surface water.

3. That no liability attaches for simply passing an ordinance establishing a grade.

4. That a mandatory injunction does not lie because it would be vain as such an order could not be enforced because no one could be punished for failure to carry out the court's order.

Attorneys—Thos. M. Miller, City Solicitor, and J. E. Hinnison, Asst. City Sol., for City; Brancher & Sterling for Jones; all of Canton.